[No. 735.    August 26, 1898.]

## PRICE & WALKER, Plaintiffs in Error, v. W. H. WOOD and E. W. PARKER, Defendants in Error.

### SYLLABUS BY THE COURT.

ACTION ON CONTRACT— PAROL EVIDENCE.—1.   Courts will not admit evi-
dence on the trial of an action based on a written contract, the effect
of which would be to vary its terms from their plain intent and mean-
.ing.

2.  When such evidence is inadvertently permitted to go to the jury, it is
the duty of the court to withdraw such evidence.

*Error,* from a judgment for plaintiff, to the Fifth Judicial
District Court, Lincoln County.   Affirmed.

The facts are stated in the opinion of the court.

JOHN Y. HEWITT for plaintiffs in error.

GEORGE W. PRICHARD and J. E. WHARTON for defendants
in error.

The admission of a firm debt by one of the partners is
binding on the firm.    17 Am. and Eng. Ency. of Law 1077,
and citations.

LELAND, J.—This cause comes into this court on error
to the district court of Lincoln county.

This was an action in assumpsit based on a simple written
contract wherein plaintiff in the court below recovered a
verdict and judgment thereon against the defendant below
for the sum of eleven hundred and twelve ($1,112.98) dollars
and ninety-eight cents and costs of suit.

The following assignments of error are made by plaintiffs
in error, to wit:

"1st.   The court erred in not permitting the plaintiffs
in error to prove that they offered to pay balance due on

February 1, 1898, for goods actually sold by them up to that date, and to turn over to Weed and Parker the residue of the stock then remaining unsold and in their hands.

"2d.    The court erred in withdrawing from the jury such testimony of the plaintiffs in error as has been submitted tending to prove their compliance with the contract.

"3d.    The court erred in instructing the jury to find the issues for the plaintiff below.

"4th.    The court erred in giving judgment for the plaintiffs below for the sum of $1,112.98 against defendants below upon the evidence submitted in this cause."

The written contract on which plaintiffs below rely, and which was attached to plaintiffs' declaration, and marked "Exhibit A" is in the following words and figures, to wit:

"White Oaks, New Mexico, Feb. 1st, 1895.

"This agreement made this first day of February, 1895, between W. H. Weed and E. W. Parker of the first part and Merrit, Price & Company of the second part, is as follows:

"That, Whereas W. H. Weed and E. W. Parker have this day turned over the sale of a certain stock of dry goods known as the Schwartz stock, invoiced at ($1,541.54) fifteen hundred and forty-one and 54-100 dollars to be paid for by Merrit, Price & Co., in the following manner:    On the first day of May, 1895, Merrit, Price & Co., pay over all money received from the sale of said goods at invoice price to W. H. Weed and E. W. Parker; thence on the first day of August, 1895, pay over in like manner; thence on the first day of November, 1895, pay over in like manner; thence Merrit, Price & Co., bind themselves to make a full settlement for all of said goods left on their hands, less this commission on or before the first day of February, 1896.

"W. H. Weed,
"W. W. Parker,
"Merrit, Price & Co."

In the matter of the first assignment of error we do not think the point well taken, because there are no allegations

in the pleadings, nor provisions set out in the

SUIT on contract; parol evidence. written contract that would warrant the trial court in admitting evidence to prove the matters contended for by defendants.  As to the second assignment of error we discover no error because, on examination of the record, we find that the kind of evidence defendants introduced to prove their compliance with the terms of the contract would necessitate a construction of the contract wholly different from the plain terms of the contract; in short, the admission of such evidence would have involved such a construction of the contract as would have amounted to the making of a new contract for the parties.

We find no error in the matter of the third assignment of error, because the written contract on which this action is based is admitted by all parties to be genuine; the contention seems to be wholly as to its construction, plaintiffs in error contending that it does not evidence an absolute and unconditional sale of the property, while defendants in error contend that it evidences an absolute and unconditional sale.  While the contract is without question loosely drawn, we are unable to give it the construction contended for by plaintiffs in error, to wit, that of a contract between a principal and factor, construing the entire contract together, and allowing the language of the contract to be one of absolute and unconditional sale. It consequently follows that the fourth error assigned is not well taken.  As no questions were raised in the trial court as to the questions of parties, or sufficiency of the declaration, we are not called upon to pass upon anything save the questions raised.

Judgment affirmed with costs.

Parker, J.; Mills, C. J.; Crumpacker and McFie, JJ., concur.